E-FILED
Monday, 07 October, 2013  04:00:48 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ALVIN A. ALEXANDER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.  97-cv-1329 |
| | ) |
| JERRY D. GILLMORE, | ) |
| | ) |
| Respondent. | ) |

## O R D E R  &  O P I N I O N

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on September 18, 1997. (Doc. 3). The Court denied Petitioner's Petition on September 29, 1998. (Doc. 28). Now, fifteen years later, Petitioner has filed a Motion for Relief from Judgment or Order Pursuant to Rule 60(b)(4) (Doc. 30), in which he seeks to have the Order denying his Petition vacated. Petitioner seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(4), which allows a court to grant relief from a void judgment. He asserts "the Courts lacked jurisdiction or the inherent power to make or enter the particular order or judgment," (Doc. 30 at 3), but the remainder of his arguments relate solely to new attacks on his conviction, not to any errors in the Court's previous denial of his habeas corpus Petition. Primarily, he argues that his arrest was in violation of the Fourth Amendment, that a witness testified falsely on multiple occasions, and that without that false testimony, there would not have been probable cause to arrest him. (Doc. 30 at 3-4). These arguments were not made in his § 2254 Petition.

Because Petitioner's Motion challenges his conviction and argues the merits of new claims for relief rather than any basis for finding the previous Order void, it is more accurately characterized as a successive application for habeas corpus relief. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005); *see also United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) ("[I]t is the substance of the petitioner's motion that controls how his request for relief shall be treated."). As a successive habeas corpus application, it is subject to the limitations imposed by 28 U.S.C. § 2244(b), including the requirement that the petitioner obtain authorization from the appropriate court of appeals before the district court can entertain the petition. 28 U.S.C. § 2244(b)(3). Accordingly, this Court does not have jurisdiction to consider Petitioner's claim. If he wishes to present this claim for habeas corpus relief in federal court, he must first request authorization from the United States Court of Appeals for the Seventh Circuit.

Attached to his Motion for relief from the prior Order, Petitioner also submitted an Application to Proceed in forma pauperis (Doc. 31) and a trust fund ledger (Doc. 32). Because his Motion is construed as a successive § 2254 petition, and ordinarily a new case would be opened for such a petition, Petitioner could be deemed to owe a filing fee. However, because Petitioner's trust fund ledger shows a negative available balance and only nominal monthly deposits, the Court finds Petitioner unable to pay any filing fee. Thus, his Application to Proceed in forma pauperis is granted.

IT IS THEREFORE ORDERED that Petitioner's Motion for Relief from Judgment or Order Pursuant to Rule 60(b)(4) (Doc. 30), construed as a successive application for habeas corpus relief, is DISMISSED for lack of jurisdiction. Further, Petitioner's Application to Proceed in forma pauperis (Doc. 31) is GRANTED.

Entered this 7th day of October, 2013.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
